**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Mae Varela, | No. CV-18-01335-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of her denial of her application for social security disability benefits. Plaintiff raises 4 claims of error on appeal: 1) the ALJ failed to give sufficient reasons for not crediting the opinions of a treating physician, Dr. Anderson; 2) the ALJ failed to give sufficient reasons for not crediting Plaintiff's symptom testimony; 3) the ALJ failed to give sufficient reasons for not crediting the testimony of a lay witness, B.N.; and 4) the ALJ posed an inadequate hypothetical to the vocational expert.

## I. Legal Standard

### A. Standard of Review on Appeal

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation omitted). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (internal citation omitted). In other words, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's]

conclusion." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (internal citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the "record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the" ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (internal citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision and the decision is free from legal error, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g) (2012). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation and citation omitted).

Notably, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *See id.*

### B. Definition of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show that, among other things, he is "under a disability." 42 U.S.C. § 423(a)(1)(E). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

A person is "under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

### C. The Five-Step Evaluation Process

To evaluate a claim of disability, the Social Security regulations set forth a five-step sequential process. 20 C.F.R. § 404.1520(a)(4) (2016); *see also Reddick*, 157 F.3d at 721. A finding of "not disabled" at any step in the sequential process will end the inquiry. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof through the first four steps, but the burden shifts to the Commissioner in the final step. *Reddick*, 157 F.3d at 721.

## II. Claims of Error on Appeal

### A. Treating Physician

#### 1. Legal Standard

Plaintiff argues that the ALJ was required to given clear and convincing reasons for not crediting the opinion of the treating physician. (Doc. 15 at 2). Defendant argues that because the treating physician's opinion is contradicted by other medical opinions of record, the ALJ need only give specific and legitimate reasons, supported by substantial evidence of record, for rejecting it. (Doc. 14 at 5). Plaintiff argues that in this case the treating physician's opinion is effectively uncontradicted because the only contradicting medical opinions are from non-examining physicians; and, Plaintiff argues, non-examining physician's opinions are not "substantial evidence" of record. (Doc. 15 at 2).

The Ninth Circuit Court of Appeals has held that "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). However, in that same opinion, the Court stated, "We have, in some cases, upheld the Commissioner's decision to reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor." *Id.* Specifically, the Court of Appeals has stated, "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Based on the foregoing, the Court finds that the Court of Appeals has not held that a non-examining medical source can never be a contradicting medical opinion that qualifies as substantial evidence of record. While the *Lester* Court does state that the opinion of a non-examining physician cannot be the *only* substantial evidence of record, the Court of Appeals clearly states that the opinion of the non-examining physician is nonetheless evidence on which the ALJ can rely in reaching a decision. Thus, this Court rejects Plaintiff's argument that the opinions of the non-examining physicians cannot be considered as conflicting medical opinions.

Accordingly, because there are conflicting medical opinions of record in addition to other evidence, the Court finds that the specific-and-legitimate-reasons-supported-by-substantial-evidence-of-record standard applies.

### 2. Dr. Anderson's Opinion

Plaintiff argues on appeal that the ALJ made an error of fact when considering Dr. Anderson's opinions. (Doc. 12 at 12). Plaintiff and the ALJ appear to agree that Dr. Anderson was treating Plaintiff for a sleep condition.[1] However, although neither the ALJ

---

[1] The ALJ calls this condition "hypersomnia" when specifically discussing Dr. Anderson. (Doc. 11-3 at 39) (all citations are to this Court's electronic record not the page numbers in the administrative record). At another point, the ALJ calls this condition "sleep disorder/narcolepsy". (Doc. 11-3 at 38). Plaintiff calls this condition "narcolepsy" on appeal. (Doc. 12 at 12). Plaintiff does not argue that hypersomnia is not what Dr. Anderson was treating. (Doc. 12 at 12). Nonetheless, the Court has reviewed Dr. Anderson's notes

nor Plaintiff cite anything for their respective conclusions, they disagree as to whether this sleep condition is a physical condition versus a psychological condition.

Specifically, the ALJ stated:

> On June 16, 2013, the claimant's neurologist, Dr. [] Anderson, M.D., submitted a Physical Capacities Evaluation form on behalf of claimant (citation omitted). … Dr. Anderson's [opinion] is based primarily on psychological conditions for which the doctor is not qualified to render. Furthermore, his findings are inconsistent with the medical evidence in which the claimant denied any psychological complaint (citation omitted). Of particular note, the claimant herself testified she had no psychological or mental issues. Therefore, the undersigned affords this opinion no weight.

(Doc. 11-3 at 39).

On appeal, Plaintiff argues, without citation, "Contrary to the ALJ's assertions, Dr. Anderson is a neurologist and treated [Plaintiff] for narcolepsy, a condition which he absolutely was qualified to address." (Doc. 12 at 12). Plaintiff continues, "It is clear in comparing Dr. Anderson's treatment notes with his functional assessments that Dr. Anderson was addressing the limitations related to [Plaintiff's] narcolepsy and not, as the ALJ asserts, any psychological condition." (Doc. 12 at 12).

Defendant responds and makes two legal arguments. Specifically, Defendant argues that a doctor rendering an opinion that is inconsistent with the record (Doc. 14 at 5-6) and a doctor rendering an opinion outside his area of expertise (Doc. 14 at 6) are both specific and legitimate reasons to give no weight to the doctor's opinions. Legally, Defendant is correct. However, unfortunately Defendant's arguments are not responsive to Plaintiff's claim of error on appeal; namely, that the ALJ factually misunderstood Dr. Anderson's diagnosis.

It seems to the Court that the ALJ regarded Dr. Anderson's treatment of Plaintiff as psychological treatment. Thus, it would appear the ALJ regarded Dr. Anderson's diagnosis of hypersomnia and/or narcolepsy as psychologically based. Plaintiff argues on appeal that this is a factual error and that the diagnosis and treatment was for a physical, not psychological, condition.

---

and Dr. Anderson writes under Assessments: "Narcolepsy in conditions classified elsewhere with calaplexy." (Doc. 11-14 at 110; Doc. 11-14 at 113). But, in Dr. Anderson's Physical Capacities Evaluation, he writes "hypersomnia." (Doc. 11-14 at 116).

The Court has reviewed Dr. Anderson's notes. (Doc. 11-14, Exhibits 23F, 24F, 27F, 28F, and 30F). In Dr. Anderson's notes from Plaintiff's first visit in September 2015, he states his "Assessments" as: 1. Narcolepsy in conditions classified elsewhere, with cataplexy; 2) Epilepsia partialis continua with intractable epilepsy; and 3) Carpal tunnel syndrome. (Doc. 11-14 at 80 (Ex. 23F)). Dr. Anderson further noted Plaintiff's mental status was "normal." (Doc. 11-14 at 79 (Ex. 23F)). Dr. Anderson then concludes, "This is a 41-year-old female who more than likely has probable narcolepsy. I cannot rule out seizure activity at night. It also appears that she has carpal tunnel syndrome. We will perform her workup including laboratory test, brain imaging test, [] EEG, polysomnogram test and multiple sleep [study] test." (Doc. 11-14 at 80 (Ex. 23F)). None of these statements by Dr. Anderson lead to the conclusion that Dr. Anderson was treating Plaintiff for a psychological condition.

In his opinion, the ALJ specifically cited Exhibit 28F. The Court has reviewed Exhibit 28F. This exhibit is a Physical Capacities Evaluation Dr. Anderson completed in June 2016. (Doc. 11-14 at 115-116). This document contains Dr. Anderson's assessment and opinion regarding Plaintiff's physical abilities. (*Id.*). It does not change or impact Dr. Anderson's prior and continuing diagnosis in any way. Therefore, the Court cannot find substantial evidence of record in this document to conclude that Dr. Anderson was treating Plaintiff for primarily a psychological condition.

Thus, because the Court cannot locate substantial evidence of record to support the ALJ's conclusion, the Court will reverse the decision in this case. Plaintiff argues that such reversal should "credit-as-true" the opinions of Dr. Anderson (Doc. 12. at 13); and once those opinions are credited, remand for an immediate award of benefits (Doc. 12 at 18). However, as indicated above, the ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Andrews*, 53 F.3d at 1039. Here, the Court has nothing but the arguments of counsel regarding whether hypersomnia (the basis for Dr. Anderson's Physical Capacities Evaluation (Doc. 11-14 at 115-116)) is a physical

condition rather than a psychological one.[2] In other words, there is no medical opinion of record supports Plaintiff's conclusion.

Thus, this case will be remanded for further development of the record and, as necessary, further expert testimony on the nature of the condition for which Dr. Anderson was treating Plaintiff. Specifically, considering "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules," the Court finds that "further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citation omitted).

### B. Other Claims of Error on Appeal

The Court has reviewed the other claims of error on appeal. The ALJ gave as a reason for discounting Plaintiff's symptom testimony and lay witness B.N.'s testimony that their testimony was inconsistent with the medical evidence of record. *See* (Doc. 14 at 11-14). Only after the ALJ reevaluates Dr. Anderson's opinions on remand will it be clear whether this reason remains accurate. The same result applies for whether the hypothetical questions posed to the vocational expert adequately encompassed Plaintiff's residual functional capacity. Thus, the Court will remand this case for a de novo hearing and a new decision.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that this case is reversed and remanded as indicated above and the Clerk of the Court shall enter judgment accordingly.

Dated this 15th day of July, 2019.

James A. Teilborg
Senior United States District Judge

---

[2] Plaintiff attempts to rely on a sleep study performed by Dr. Anderson on May 9, 2017. (Doc. 1-1 at 7). However, this Court agrees with the Appeals Council that this study, performed after the ALJ's December 30, 2016 opinion (Doc. 11-3 at 42), is not evidence of Plaintiff's condition as of her claimed onset date of January 31, 2012 (Doc. 11-3 at 30).