**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Mae Varela, | No. CV-18-01335-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 25). The time for the Government to respond to the motion has run, and no response was filed.

> "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Here, as Plaintiff explained in her motion for fees, Plaintiff is the prevailing party. (*See* Doc. 25). Further, the Government did not respond to the motion; thus, the Government failed to rebut Plaintiff's argument that the Government's position was not substantially justified. (*See id.*); *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991) (noting that the burden is on the Government to prove its position was substantially

justified).

Finally, Plaintiff seeks $10,274.99 in attorney's fee (no costs are sought). (Doc. 25). The Court has reviewed both the motion for fees and the itemized fee statement and finds that the fees sought are reasonable for the work performed. The Government has not opposed this conclusion.

Based on the foregoing,

**IT IS ORDERED** granting the motion (Doc. 25) such that Plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of $10,274.99.[1] No costs have been requested by Plaintiff and therefore none are awarded.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.[2]

Dated this 5th day of April, 2021.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Court has awarded $10,274.99 because that is the amount reflected in the motion and on the itemized fee statement. The Court has disregarded as a typographical error the $10,247.99 sought in the proposed form of order.

[2] This award is without prejudice to Plaintiff seeking attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.